proper administration of justice therein; and the other, that the judges of the Municipal Court may by rules provide that the practice in cases of the first class shall be the same as in the act is provided for cases of the fourth class. The court adopted a rule which provided for a statement of claim, instead of a declaration, in cases of the first class. It had a right to do so.

That the statement of claim contained among the items of damages enumerated some which were unrecoverable, if it be true, did not render it obnoxious to an equivalent to "a general demurrer" in the "motion to strike."

We are not called upon to pass on what were or were not proper items; but it would seem that at least the rental value of the premises for the time the plaintiffs were held out of possession by the legal tenure of others should be included in the damages irrespective of the fact that their lease called for no rent during a portion of that time.

The judgment of the Municipal Court is reversed and the cause remanded to that court.

                              *Reversed and remanded.*

---

### Johanna Theisen, Defendant in Error, v. Axel Nogard and Harry E. Lawver, Plaintiffs in Error.

#### Gen. No. 18,152.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1912. Reversed with finding of facts. Opinion filed November 3, 1913.

### Statement of the Case.

Action by Johanna Theisen against Axel Nogard and Harry E. Lawver, trading as Harvard Dentists, to

Theisen v. Norgard et al., 183 Ill. App. 158.

recover damages for injuries sustained by plaintiff alleged to have been caused by malpractice and negligence of defendants in performing dental work for plaintiff. From a judgment in favor of plaintiff for two hundred and seventy-five dollars, defendant brings error.

JAMES B. POYNTON and PATTISON & SHAW, for plaintiffs in error; DOUGLAS C. GREGG, of counsel.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. PHYSICIANS AND SURGEONS, § 22*—*when evidence insufficient to show malpractice in dental work*. In an action to recover damages for malpractice in dental surgery and for negligence in performing dental work, causing plaintiff to suffer from a splintered and broken jaw, evidence *held* insufficient to sustain a recovery by plaintiff where it does not show malpractice nor the employment of any method other than that usually employed by dentists and there is no evidence of "a splintered and broken jaw."

2. DAMAGES, § 206*—*necessity of instruction being based on the evidence*. Instruction informing the jury that they might consider the loss of time and the damages from permanent as well as temporary injuries, if they are proved, is erroneous where there is no evidence of the value of the time "lost" nor any evidence of "permanent injuries" in the record.

3. INSTRUCTIONS, § 118*—*necessity of being based on pleadings and evidence*. An instruction must be on a theory advanced by the pleadings and which there is some evidence to support.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.